Tae Kim (SBN 210465)
Dawn Collins (SBN 193447)
**COLLINS KIM LLP**
515 S. Flower Street, 18th Floor
Los Angeles, California 90071
Telephone: (213) 341-0238
Facsimile: (213) 341-0239

Attorneys for Plaintiff
GINA BOTELLO

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA BOTELLO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SUN VALLEY BEHAVIORAL MEDICAL CENTER, INC.; BERNARDO NG; and DOES 1 through 25, inclusive,<br><br>　　　　Defendants. | CASE NO. '22CV755 JO JLB<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. SEXUAL HARASSMENT IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT<br>2. SEX AND/OR GENDER DISCRIMINATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT<br>3. FAILURE TO PREVENT SEXUAL HARASSMENT IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT<br>4. CONSTRUCTIVE TERMINATION<br>5. FAILURE TO PROVIDE MEAL BREAKS<br>6. FAILURE TO PROVIDE REST BREAKS<br>7. FAILURE TO PAY OVERTIME<br>8. FAILURE TO PAY ALL WAGES DUE UPON TERMINATION<br>9. FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS<br><br>**DEMAND FOR JURY TRIAL** |

Based on information and belief, Plaintiff Gina Botello ("Plaintiff" or "Botello") complains and alleges as follows.

## FACTUAL BACKGROUND

1. This is an action arising out of years of sexually harassing misconduct suffered by Ms. Botello Defendant Dr. Bernardo Ng ("Dr. Ng"). Dr. Ng was Ms. Botello's mentor during her medical residency at his clinic, Sun Valley Behavior Medical Center, Inc. ("SVBMC") and he used and abused that relationship of trust by subjecting Ms. Botello to unwanted touchings of a sexual nature and repeated sexual propositions during her nearly three-year tenure at SVBMC.

2. Ms. Botello began a residency with SVBMC in September 2018 as part of her psychiatric mental health nurse practitioner ("PMHNP") licensure. In order to obtain her PMHNP license, she was required to fulfill a minimum number of clinical hours, during which she would provide supervised direct patient care. During her PMHNP residency, Defendant Ng, the Medical Director for SVBMC took Ms. Botello under his wing and mentored her while she was obtaining the necessary clinical hours for her license.

3. Upon receiving her nurse practitioner license, she was hired by SVBMC in August 2019 as a staff nurse practitioner. Within months after her hire date, Dr. Ng began making sexual advances. Dr. Ng's inappropriate advances included grabbing her breasts beneath her blouse, numerous attempts to kiss her, attempts to unbutton her shirt and pants, and touching her face and thigh. Dr. Ng also repeatedly asked her out on dates and propositioned her. Ms. Botello repeatedly rejected Dr. Ng's advances.

4. Despite the severity of Dr. Ng's misconduct, Ms. Botello had no recourse. She could not report his misconduct as Dr. Ng was the medical director of the facility and had a close working relationship with the office manager Cruz Lopez-Castleberry. Ms. Lopez-Castleberry made it very clear that she and Dr. Ng were close friends, and often spoke about Dr. Ng's personal life.

5. Ultimately, Dr. Ng's advances continued unabated.  In early March 2022, Ms. Botello had finally worked up the courage to disclose the ongoing harassment to her fiancé and family, and with their support, was able to submit a written complaint to Ms. Lopez-Castleberry and resign on March 14, 2022, knowing that nothing would be done to address the unlawful workplace misconduct.  For the past eighteen months, she had been suffering from anxiety and depression and was on anti-depressants and anti-anxiety medications.

## PARTIES, JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter and parties pursuant to 28 U.S.C. §§ 1332(a)(1) because this case is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States.

7. Venue is proper in, and Defendants are subject to the personal jurisdiction of this Court because SVBMC is located within this District, Dr. Ng resides within this District, and all or most of the events giving rise to this action occurred in this District. 28 U.S.C. § 1391(b); 42 U.S.C. § 2000e-5(f)(3).

8. SVBMC is a medical facility that provides mental health services to its clients. At all relevant times, Defendant SVBMC is and was a corporation registered to do business in the State of California, Imperial County.  Its only facility is located in the County of Imperial, State of California.

9. At all relevant times, based on information and belief, Defendant Ng is and was an individual residing in the County of Imperial, State of California.  On information and belief, each Defendant was the agent and employee of each other Defendant, and in doing the things alleged was acting within the course and scope of such agency and employment and with each other Defendant's actual and implied permission, consent, authorization, and approval.

10. At all relevant times, Ms. Botello is and was an individual, residing in the County of County of Yuma, State of Arizona.  She was employed by SVBMC and carried out her duties at the SVBMC clinic in Imperial, CA.

11. The true names and capacities, whether corporate, associate, individual, or otherwise, of Defendant DOES 1 through 25, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Each of the Defendants designated herein as a DOE is negligently, intentionally, or otherwise legally responsible in some manner for the allegations referenced herein.  Plaintiff will ask leave of Court to amend this Complaint to show their names and capacities when the same have been ascertained.

12. At all times herein mentioned, Defendant SVBMC employed Plaintiff as defined by the Fair Employment and Housing Act, Government Code § 12926 ("FEHA").  At all relevant times, FEHA was in full force and effect and was binding on Defendants, as Defendants regularly employed five (5) or more persons.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

13. Ms. Botello has exhausted his administrative remedies by filing a complaint with the State of California, Department of Fair Employment and Housing on or about May 4, 2022, and obtained a right to sue letter the same day.

## FIRST CAUSE OF ACTION

## SEXUAL HARASSMENT IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT

**(Against All Defendants and Does 1 through 25)**

14. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 13 as though fully set forth herein.

15. Plaintiff was an employee of Defendant SVBMC at all relevant times. As described above, Plaintiffs was subjected to severe, pervasive, and unwanted harassing conduct from Defendant Ng because she is a women.

16. Reasonable women in Plaintiff's circumstances would have considered the work environment hostile and abusive, and Plaintiff considered her work environments hostile and abusive.

17. SVBMC is strictly liable for Ng's sexual harassment because Ng was a supervisor at all relevant times. Ng had authority to direct Plaintiff's work activities and had influence over her work assignments, schedule, responsibilities, and discipline.

18. SVBMC, by virtue of Ng's role as the medical director of SVBMC, knew of the harassment and failed to take immediate and appropriate corrective action. SVBMC's failure to take immediate and appropriate corrective action was a substantial factor in causing Plaintiff harm.

19. Ms. Botello suffered special damages stemming from Defendants' sexual harassment, including but not limited to loss of past wages, loss of future wages, loss of retirement benefits, loss of medical and other benefits, and other financial harm, all to be proven at trial, but in an amount in excess of the jurisdictional limits of this court.

20. Ms. Botello suffered general damages stemming from Defendants' sexual harassment, including but not limited to pain, suffering, inconvenience, worry, emotional distress, and depression, in an amount to be proven at trial, but in an amount in excess of the jurisdictional limits of this court.

21. Additionally, Defendants engaged in malice, fraud and oppression by knowingly violating Ms. Botello's rights to be free from sexually harassing conduct and treatment. Ms. Botello should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct. Ms. Botello seeks punitive damages in an amount to be determined by a jury and sufficient to deter future conduct, as permitted under California.

22. Ms. Botello has also incurred and will incur attorney's fees in prosecuting this action, and is entitled to such fees pursuant to Cal. Government Code, section 12965(b), as well as all other costs, permitted by law.

## SECOND CAUSE OF ACTION

## SEX AND/OR GENDER DISCRIMINATION IN VIOLATION OF GOVERNMENT CODE §§ 12940 *ET SEQ.*

### (Against Defendant SVBMH and Does 1 through 25)

23. Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 22, inclusive, of this Complaint.

24. Plaintiff, a female employee, was a member of a protected class within the meaning of the FEHA. Gov. Code § 12926.1.

25. Government Code § 12940(a) prohibits an employer from discriminating against any employee "in terms, conditions, or privileges of employment" based on sex or gender. Defendants engaged in unlawful employment practices in violation of the FEHA by discriminating against Ms. Botello based on her sex and/or gender.

26. Ms. Botello's sex and/or gender were motivating factors in Defendants' decision to constructively terminate Ms. Botello's employment, in violation of Government Code § 12940(a).

27. Ms. Botello suffered special damages stemming from Defendant's discriminatory conduct, including but not limited to loss of past wages, loss of future wages, loss of retirement benefits, loss of medical and other benefits, and other financial harm, all to be proven at trial, but in an amount in excess of the jurisdictional limits of this court.

28. Ms. Botello suffered general damages stemming from Defendant's discriminatory conduct, including but not limited to pain, suffering, inconvenience, worry, emotional distress, and depression, in an amount to be proven at trial, but in an amount in excess of the jurisdictional limits of this court.

29. Additionally, Defendants engaged in malice, fraud and oppression by knowingly violating Ms. Botello's rights to be free from discriminatory conduct and treatment. Ms. Botello should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct. Ms. Botello thereby seeks punitive damages in an amount to be determined by a jury and sufficient to deter future conduct, as permitted under California.

30. Ms. Botello has also incurred and will incur attorney's fees in prosecuting this action, and is entitled to such fees pursuant to Cal. Government Code, section 12965(b), as well as all other costs, permitted by law.

## THIRD CAUSE OF ACTION

## FAILURE TO PREVENT SEXUAL HARASSMENT IN VIOLATION OF GOVERNMENT CODE § 12940(k)

### (Against Defendant SVBMC and Does 1 through 25)

31. Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 3-, inclusive, of this Complaint.

32. SVBMC failed to take immediate preventative and corrective steps reasonably calculated to prevent Plaintiff's sexual harassment.

33. As an actual and proximate result of SVBMC's conduct, Plaintiff has suffered and continue to suffer emotional distress, including but not limited to humiliation, embarrassment, anger, and worry, all of which is substantial and continues to the present.

34. SVBMC failed to express strong disapproval of sexual harassment, inform and explain to Plaintiff its policies against sexual harassment and what procedures were available to report harassment to SVBMC and/or about Plaintiff's legal rights to a harassment-free workplace, or develop appropriate sanctions for those who commit sexual harassment.

35. SVBMC knew and/or should have known of the sexual harassment by Ng. SVBMC was informed of the harassing conduct and ratified, approved, and authorized that conduct. SVBMC failed to take preventative actions to avoid that conduct, and subsequently failed to stop and/or further prevent the same conduct.

36. Prior to the incidents alleged herein, SVBMC failed to provide to its supervisory employees, including but not limited to Ng, effective training and education regarding sexual harassment and retaliation, the prohibition against and the prevention and correction of sexual harassment, and the remedies available to victims of sexual harassment; all in violation of its duties as an employer under Gov't Code § 12950.1.

37. SVBMC's failure to take all reasonable steps to prevent sexual harassment was a substantial factor in causing Plaintiff harm.

38. Ms. Botello suffered special damages stemming from Defendant's discriminatory conduct, including but not limited to loss of past wages, loss of future wages, loss of retirement benefits, loss of medical and other benefits, and other financial harm, all to be proven at trial, but in an amount in excess of the jurisdictional limits of this court.

39. Ms. Botello suffered general damages stemming from Defendant's discriminatory conduct, including but not limited to pain, suffering, inconvenience, worry, emotional distress, and depression, in an amount to be proven at trial, but in an amount in excess of the jurisdictional limits of this court.

40. Additionally, Defendants engaged in malice, fraud and oppression by knowingly violating Ms. Botello's rights to be free from discriminatory conduct and treatment. Ms. Botello should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct. Ms. Botello thereby seeks punitive damages in an amount to be determined by a jury and sufficient to deter future conduct, as permitted under California.

41. Ms. Botello has also incurred and will incur attorney's fees in prosecuting this action, and is entitled to such fees pursuant to Cal. Government Code, section 12965(b), as well as all other costs, permitted by law.

## FOURTH CAUSE OF ACTION
## CONSTRUCTIVE TERMINATION
### (Against Defendant SVBMC and Does 1 through 25)

42. Plaintiff re-alleges and incorporates herein paragraphs 1 through 41, inclusive, of this complaint as though fully set forth herein.

43. At all times relevant herein, a fundamental public policy of the State of California was reflected in Labor Code section 1102.5 which prohibits retaliation against an employee who discloses an employer's violations of or noncompliance with state statutes and regulations. This policy was binding on Defendant SVBMC.

44. Defendant SVBMC knowingly created the working conditions that violated public policy because it willfully, knowingly, and intentionally created and allowed an environment to exist where Defendant NG could prey on women working at SVBMC by virtue of his authority within the organization, and subject them to sexual harassment in the workplace.

45. The working conditions caused by SVBMC's violations of public policy were so intolerable that Plaintiff had no reasonable alternative except to resign, and she did.

46. Ms. Botello suffered special damages stemming from Defendant's conduct, including but not limited to loss of past wages, loss of future wages, loss of retirement benefits, loss of medical and other benefits, and other financial harm, all to be proven at trial, but in an amount in excess of the jurisdictional limits of this court.

47. Ms. Botello suffered general damages stemming from Defendant's discriminatory conduct, including but not limited to pain, suffering, inconvenience, worry, emotional distress, and depression, in an amount to be proven at trial, but in an amount in excess of the jurisdictional limits of this court.

48. Additionally, Defendants engaged in malice, fraud and oppression by knowingly violating Ms. Botello's rights to be free from discriminatory conduct and treatment. Ms. Botello should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct. Ms. Botello thereby seeks punitive damages in an amount to be determined by a jury and sufficient to deter future conduct, as permitted under California.

## FIFTH CAUSE OF ACTION

**FAILURE TO PROVIDE MEAL PERIODS (LABOR CODE §§ 226.7 AND 512)**

**(Against Defendant SVBMC and DOES 1 through 25)**

49. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48, and each and every part thereof with the same force and effect as though fully set forth herein.

50. At all relevant times, the IWC Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff's employment by Defendant SVBMC.

51. At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by an applicable order of the California IWC.

52. At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

53. At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause or permit an employee to work for a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty

(30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

54. During the relevant time period, Plaintiff was required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes.

55. During the relevant time period, Plaintiff was required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes.

56. During the relevant time period, Defendant SVBMC intentionally and willfully required Plaintiff to work during meal periods and failed to compensate Plaintiff the full meal period premium for work performed during meal periods.

57. During the relevant time period, Defendant SVBMC failed to pay Plaintiff the full meal period premium due pursuant to California Labor Code section 226.7.

58. Defendant SVBMC's conduct violates applicable IWC Wage Order and California Labor Code sections 226.7 and 512(a).

59. Pursuant to applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiff is entitled to recover from Defendant SVBMC one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest period is not provided.

## SIXTH CAUSE OF ACTION

## FAILURE TO PROVIDE REST BREAKS (LABOR CODE § 226.7)

### (Against Defendant SVBMC and DOES 1 through 25)

60. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 59, and each and every part thereof with the same force and effect as though fully set forth herein.

61. At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiff's employment by Defendant SVBMC.

62. At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

63. At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3) hours.

64. During the relevant time period, Defendant SVBMC required Plaintiff to work four (4) or more hours without authorizing or permitting a duty-free ten (10) minute rest period per each four (4) hour period worked, for which they were relieved of all work and permitted to leave the work premises.

65. During the relevant time period, Defendant SVBMC willfully required Plaintiff to work during rest periods and failed to pay Plaintiff the full rest period premium for work performed during rest periods.

66. During the relevant time period, Defendant SVBMC failed to pay Plaintiff the full rest period premium due pursuant to California Labor Code section 226.7.

67. Defendant SVBMC's conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

68. Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(b), Plaintiff is entitled to recover from Defendant SVBMC one additional hour of pay at the employees' regular hourly rate of compensation for each workday that the rest period was not provided.

//

11
**COMPLAINT**

Case No.:

# SEVENTH CAUSE OF ACTION

## FAILURE TO PAY OVERTIME (LABOR CODE §§ 510 AND 1198)

### (Against Defendant SVBMC and DOES 1 through 25)

69. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 68, and each and every part thereof with the same force and effect as though fully set forth herein.

70. California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

71. Specifically, the applicable IWC Wage Order provides that Defendant SVBMC is and was required to pay Plaintiff for working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

72. The applicable IWC Wage Order further provides that Defendant SVBMCs is and was required to pay Plaintiff overtime compensation at a rate of two times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

73. California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

74. During the relevant time period, Plaintiff worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week.

12
**COMPLAINT**

Case No.:

75. During the relevant time period, Defendant SVBMC intentionally and willfully failed to pay overtime wages owed to Plaintiff.

76. Defendant SVBMC's failure to pay Plaintiff the unpaid balance of overtime compensation, as required by California laws, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

77. Pursuant to California Labor Code section 1194, Plaintiff is entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

## EIGHTH CAUSE OF ACTION

**WAITING TIME PENALTIES (CALIFORNIA LABOR CODE §§ 203, 558.1)**

**(Against all Defendant SVBMC and DOES 1 through 25, inclusive)**

78. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 77, and each and every part thereof with the same force and effect as though fully set forth herein.

79. California Labor Code sections 201-203 require Defendants to pay its employees all wages due upon termination and either immediately upon discharge, or within seventy-two hours of quitting without notice.

80. Where an employer and/or other person willfully fails to timely pay wages upon termination, the employer and/or other person must, as a penalty, continue to pay the subject employees' wages until they are paid in full or an action is commenced, up to a maximum of thirty days wages.

81. Plaintiff has separated from employment and Defendants have willfully withheld payment of all wages due within the time required by Labor Code sections 202.

82. As a result of Defendants' conduct, Plaintiff is entitled to waiting time penalties of up to thirty days wages under Labor Code section 203, together with interest and reasonable attorney's fees and costs.

//
//

## NINTH CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS (LABOR CODE § 226)

### (Against Defendant SVBMC and DOES 1 through 25)

83. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 82, and each and every part thereof with the same force and effect as though fully set forth herein.

84. At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of its employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and her or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

85. Defendant SVBMC has intentionally and willfully failed to provide Plaintiff with complete and accurate wage statements. The deficiencies include, but are not limited to: the failure to include the total number of hours worked by Plaintiff.

86. As a result of Defendant SVBMC's violation of California Labor Code section 226(a), Plaintiff has suffered injury and damage to her statutorily protected rights.

87. More specifically, Plaintiff has been injured by Defendant SVBMC's intentional and willful violation of California Labor Code section 226(a) because she was denied both her legal right to receive, and their protected interest in receiving, accurate and itemized wage statements pursuant to California Labor Code section 226(a).

88. Plaintiff is entitled to recover from Defendant SVBMC the greater of her actual damages caused by Defendant SVBMC's failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

89. Plaintiff is also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(g).

## PRAYER FOR DAMAGES

WHEREFORE, Plaintiff prays for judgment as follows:

1. For compensatory damages, including losses arising from mental and emotional distress and other special and general damages, in an amount according to proof at trial;

2. For medical and related expenses according to proof;

3. For lost earnings and related expenses according to proof;

4. For special damages, according to proof;

5. For general damages, according to proof;

6. For premium wages pursuant to California Labor Code sections 226.7(b) and 203;

7. Unpaid wages;

8. Statutory wage penalties pursuant to Labor Code sections 226 and 1197.1;

9. Injunctive relief pursuant to Labor Code section 226(g);

10. For punitive and exemplary damages, as allowed by law and according to proof;

11. For attorneys' fees and costs, as allowed by law;

12. For prejudgment interest on all amounts claimed, as allowed by law;

13. For declaratory relief; and

14. For such other and further relief as the Court deems just and proper.

Dated:  May 25, 2022                    COLLINS KIM, LLP

By: _____
TAE KIM
Attorneys for Plaintiff
Gina Botello

## **REQUEST FOR JURY TRIAL**

Plaintiff Gina Botello hereby requests a trial by jury.

Dated:  May 25, 2022                                COLLINS KIM, LLP

By: _____
    TAE KIM
    Attorneys for Plaintiff
    Gina Botello

17
**COMPLAINT**

Case No.: