UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA BOTELLO,<br><br>                           Plaintiff,<br><br>v.<br><br>SUN VALLEY BEHAVIORAL MEDICAL CENTER, INC., et al.,<br><br>                           Defendants. | Case No.: 22cv755-JO(LR)<br><br>**ORDER RESETTING MANDATORY SETTLEMENT CONFERENCE** |

On February 8, 2023, the Court held a telephonic Case Management Conference in this case. Pursuant to the discussions with the parties during the conference, the Court **RESETS** the **video** Mandatory Settlement Conference ("MSC") currently scheduled for April 19, 2023, at 9:30 a.m. for **March 15, 2023**, at **10:00 a.m.** The MSC will be held by video conference before Magistrate Judge Lupe Rodriguez, Jr. to be hosted through the Court's ZoomGov account. All discussions at the MSC will be informal, off the record, privileged, and confidential. Counsel for any non-English speaking party is responsible for arranging for the appearance of an interpreter at the conference. The following rules and deadlines apply:

a.  **Personal Appearance of Parties Required**: All named parties, party representatives, claims adjusters for insured defendants, as well as the principal

attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the MSC. Counsel appearing without their clients will be sanctioned, and the Court will terminate the conference.

      b.     **Full Settlement Authority Required**: A party or party representative with full settlement authority[1] must be present at the conference. Retained outside corporate counsel shall not appear on behalf of a corporation as the party representative who has the authority to negotiate and enter a settlement. A government entity may be excused from this requirement so long as the government attorney who attends the MSC has (1) primary responsibility for handling the case, and (2) authority to negotiate and recommend settlement offers to the government official(s) having ultimate settlement authority.

      c.     **Confidential Settlement Statements Required**: On or before **March 8, 2023**, the parties shall submit directly to Magistrate Judge Rodriguez's chambers (via hand delivery or by e-mail to the Court at efile_rodriguez@casd.uscourts.gov), confidential settlement statements. The statements are limited to ten (10) pages, plus an additional ten (10) pages of exhibits. A settlement statement must outline (1) the nature of the case and the claims, (2) the party's position on liability or defenses; (3) the party's position regarding settlement of the case with a **specific demand/offer for settlement**, and (4) a summary of any previous settlement negotiations or mediation efforts. The settlement statement **must specifically identify what the discovery process revealed** and the effect that the evidence has on the issues in

---

[1] "Full settlement authority" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. Heileman Brewing Co. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. Pitman v. Brinker Int'l, Inc., 216 F.R.D. 481, 485–86 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference contemplates that the person's view of the case may be altered during the face-to-face conference. Id. at 486. A limited or a sum certain of authority is not adequate. See Nick v. Morgan's Foods, Inc., 270 F.3d 590, 595–97 (8th Cir. 2001).

the case. To the extent specific discovery responses, portions of deposition testimony, or expert reports are pertinent to the Court's evaluation of the matter, these documents must be attached as exhibits. Evidence supporting or refuting either party's claim for damages must also be identified and included as an exhibit.

If a party cannot make a specific demand or offer, then the party must explain why a demand or offer cannot be made and when the party will be able to state a demand or offer. The settlement statement should be submitted confidentially and need not be shared with other parties.

d.      The Court will use its official Zoom video conferencing account to hold the MSC. **IF YOU ARE UNFAMILIAR WITH ZOOM:** Zoom is available on computers through a download on the Zoom website (https://zoom.us/meetings) or on mobile devices through the installation of a free app. Joining a Zoom conference does not require creating a Zoom account, but it does require downloading the .exe file (if using a computer) or the app (if using a mobile device). Participants are encouraged to create an account, install Zoom, and familiarize themselves with Zoom before the MSC.[2] There is a cost-free option for creating a Zoom account.

e.      Before the MSC, the Court will e-mail each MSC participant an invitation to join a Zoom video conference. Participants are encouraged to use laptops or desktop computers for the video conference, because mobile devices often offer inferior performance. Participants shall join the video conference by following the ZoomGov Meeting hyperlink in the invitation. **Participants who do not have Zoom already installed on their device when they click on the ZoomGov Meeting hyperlink will be prompted to download and install Zoom before proceeding**. Zoom may then prompt participants to enter the password included in the invitation. All participants will be

---

[2] For help getting started with Zoom, visit: https://support.zoom.us/hc/en-us/categories/200101697-Getting-Started.

placed in a waiting room until the MSC begins.

  f. Each participant should plan to join the Zoom video conference **at least ten minutes before** the start of the MSC to ensure that the conference begins promptly at 10:00 a.m.

  g. Zoom's functionalities will allow the Court to conduct the MSC as it ordinarily would conduct an in-person MSC.  That is, the Court will begin the MSC with all participants joined together in a main session.  After an initial discussion in the main session, the Court will divide participants into separate, confidential sessions, which Zoom calls Breakout Rooms.[3]  In a Breakout Room, the Court will be able to communicate with participants from a single party in confidence.  Breakout Rooms will also allow parties and counsel to communicate confidentially without the Court.

  h. No later than **March 8, 2023**, counsel for each party shall send an e-mail to the Court at efile_rodriguez@casd.uscourts.gov containing the following:

   (1) The **name and title of each participant**, including all parties and party representatives with full settlement authority, claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation;

   (2) An **e-mail address for each participant** to receive the Zoom video conference invitation; and

   (3) A **telephone number where each participant** may be reached so that if technical difficulties arise, the Court will be able to proceed telephonically instead of by video conference.  (If counsel prefers all participants of their party on a single conference call, counsel may provide a conference number and appropriate call-in information, including an access code, where all counsel and parties or party representatives for that side may be reached as an alternative to providing individual telephone numbers for each participant.)

---

[3] For more information on what to expect when participating in a Zoom Breakout Room, visit: https://support.zoom.us/hc/en-us/articles/115005769646.

  i. All participants shall display the same level of professionalism during the MSC and be prepared to devote their full attention to the MSC as if they were attending in person.  Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that their device is plugged in or that a charging cable is readily available during the video conference.

  All other deadlines in the Court's Scheduling Order Regulating Discovery and Other Proceedings remain unchanged.  (<u>See</u> ECF No. 8.)

  **IT IS SO ORDERED**.

Dated:  February 9, 2023

_____
Honorable Lupe Rodriguez, Jr.
United States Magistrate Judge